UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENTLEY MOTORS LIMITED
CORPORATION and BENTLEY
MOTOR, INC.,

          Plaintiffs,

v.                        CASE NO:  8:12-cv-1582-T-33TBM

MATTHEW McENTEGART, FUGAZZI
CARS, INC., ROBERT FRARAY III,
and KEEPING IT REAL AUTO
CUSTOMIZING, INC.,

          Defendants.
_____/

## ORDER

      This cause comes before the Court pursuant to the Motions
to Dismiss (Doc. ## 30, 31) filed on September 6, 2012, by
Defendants Keeping It Real Auto Customizing, Inc., and Robert
Fraray.  Plaintiffs Bentley Motors Limited Corporation and
Bentley Motor, Inc., filed a Response in Opposition (Doc. #
36) on September 7, 2012.  For the reasons that follow, the
motions are denied.

## I. Background

      Bentley Motors Limited Corporation is a foreign
corporation organized under the laws of the United Kingdom.
(Doc. # 1 at ¶ 14).  Bentley Motor, Inc., is a Delaware
corporation that maintains its principal place of business in

Boston, Massachusetts. Id. at ¶ 15. These entities, collectively referred to herein as "Bentley," employ certain trademarks "in connection with the sale, distribution, maintenance, service, and repair of . . . world-famous and distinctive Bentley automobiles and related products and services." Id. at ¶ 26.

According to Bentley, "Defendants unlawfully manufacture Bentley body kits that transform ordinary and inexpensive Chrysler and Ford vehicles into knockoff Bentley vehicles," and "have intentionally misappropriated the overall appearance and shape of the Bentley GTC automobile, as well as [various Bentley] trademarks . . . by incorporating them into 'Bentley Car Kits' that Defendants continue to manufacture, advertise, and sell despite Bentley's cease and desist demands." Id. at ¶¶ 1, 7.

Bentley accordingly sues Defendants for (1) trademark dilution pursuant to 15 U.S.C. § 1125(c); (2) trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114(1); (3) false advertising, false designation of origin, and trade dress infringement pursuant to 15 U.S.C. § 1125(a); and (4) design patent infringement pursuant to 35 U.S.C. § 271. Id. at ¶¶ 39-64.

Defendants Fraray and Keeping It Real have separately

-2-

filed identical motions to dismiss this action.  (Doc. ## 30, 31).  Although the motions fail to state any specific procedural grounds for dismissal, this Court will interpret each as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. <u>Legal Standard</u>

In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with <u>Twombly</u>, Federal Rule of Civil

-3-

Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

Additionally, Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, the Court may consider the various exhibits attached to a complaint without converting a motion to dismiss into one for summary judgment.

## III. <u>Discussion</u>

Both of Defendants' Motions to Dismiss cite to "15 U.S.C. § [1]111." That provision states, in relevant part:

> [A] registrant of a mark registered in the Patent and Trademark Office, may give notice that his mark is registered by displaying with the mark the words "Registered in U.S. Patent and Trademark Office" . . . or the letter R enclosed within a circle, . . . and in any suit for infringement under this chapter by such a registrant failing to give such notice of registration, no profits and no damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration.

Defendants accordingly argue that they "had never received a

-4-

cease and desist notice as a matter of the complaint," and
that "Defendants in turn were unaware that painting vehicles
for Fugazzi Cars, Inc. was inappropriate . . . ." (Doc. ##
30, 31 at 1).

However, since this statute operates to limit the
remedies available in a suit for infringement rather than to
impose a condition precedent to liability for infringement, it
does not serve as a basis to dismiss the present action.  In
United States v. Sung, 51 F.3d 92 (7th Cir. 1995), the
defendant-counterfeiter presented a similar argument,
maintaining that "lack of knowledge of a mark's registered
status is at least an affirmative defense." Id. at 94.  The
court explained, however, that

> [Section] 1111 does not create a defense; it is a
> limitation on remedies.  The statute requires
> holders of registered trademarks to use the ®
> symbol or language such as "Reg. U.S. Pat. and Tm.
> Off." . . . Omission of the ® symbol and lack of
> knowledge combined do not foreclose equitable
> remedies (including the confiscation of the
> defendant's stocks of products) and therefore
> cannot be called a 'defense' under the Lanham Act.

Id.  Additionally, Bentley asserts in the Complaint that
"Defendants knew of Bentley's trademarks," and that "[d]espite
Bentley's well-known prior rights in the Bentley Marks,
Defendants have used and continue to use, without Bentley's
authorization, the Bentley Marks, or counterfeits . . .

-5-

thereof." (Doc. # 1 at ¶¶ 48-49). Thus, because Bentley seeks non-monetary relief in addition to money damages, and because Bentley asserts in the Complaint that Defendants did indeed know of Bentley's trademarks but continued their infringing activities anyway, Section 1111 is not a basis for dismissal.

In addition to this statutory argument, Defendants Fraray and Keeping It Real attempt to explain the extent of their alleged involvement in installing the Bentley Car Kits, averring that "Keeping It Real Auto only painted three vehicles for Fugazzi," and that "Defendants took one deposit down for $10,000 prior to a lawsuit being served and then returned the monies subsequent[ly]. . . ." (Doc. ## 30, 31 at 2). Despite Defendants' contentions that they "were never in the business of buying body [kits] similar to . . . Bentley's and installing them," Bentley asserts in the Complaint that "Defendants act together to manufacture the 'Bentley Car Kits' and install them on the chassis of 2001-2006 Chrysler Sebring convertible automobiles," and that "Defendants have produced at least 30 fully built knockoff or imitation Bentley vehicles." (Doc. # 1 at ¶¶ 8, 10).

Furthermore, Bentley attached as an exhibit to the Complaint a copy of various question-and-answer-style entries

from Keeping It Real's commercial website message board. (Doc. # 1-3). One particular entry inquires: "do u guys sell these body kits[?]" to which an account holder named "Keeping It Real Customizing" replies: "yes sir mostly install them on customers cars is what they want but if tryin [sic] to do it yourself we can get you the body and what ever other parts you want." Id. at 1. Nonetheless, the extent to which each Defendant contributed to the alleged infringement is irrelevant at this juncture. Thus, any mitigating details presented by Defendants Fraray and Keeping It Real fail to serve as a basis for dismissal of the action.

Defendants additionally assert that "[a]ll Robert Fraray['s] actions were on behalf of Keeping It Real Auto Customizing, Inc." (Doc. ## 30, 31 at 2). Although the Motions do not directly argue that Defendant Fraray should be free from liability because he acted on behalf of the corporation, the Court acknowledges Bentley's response that "a corporate officer is individually liable for the torts of unfair competition and trademark infringement which the officer personally commits." (Doc. # 36 at 7). See Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994) ("If an individual actively and knowingly caused the trademark infringement, he is personally responsible.

-7-

Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement . . . .") (internal quotations and citations omitted). Additionally, since Bentley alleged in the Complaint that Defendant Fraray individually is a "moving, conscious, and active force behind the infringing acts at issue, and actively participates in and approves the acts," (Doc. # 1 at ¶ 19), the Court finds no basis to dismiss Fraray as a defendant in this action.

## IV. Conclusion

Accepting the allegations in the Complaint as true and construing the facts in the light most favorable to Bentley, and additionally noting that Defendants do not challenge the sufficiency of any one of the four specific claims for relief enumerated in the Complaint, the Court denies Defendants' Motions to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motions to Dismiss (Doc. ## 30, 31) are **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of September, 2012.

-8-

_Virginia M. Hernandez Covington_
_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record