UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENTLEY MOTORS LIMITED
CORPORATION and BENTLEY
MOTOR, INC.,

    Plaintiffs,
v.   Case No. 8:12-cv-1582-T-33TBM

MATTHEW McENTEGART, FUGAZZI
CARS, INC., ROBERT FRARAY,
III, and KEEPING IT REAL AUTO
CUSTOMIZING, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the Show Cause Hearing held on December 19, 2012. (Doc. # 73). At the hearing, Defendant Matthew McEntegart informed the Court that he and Defendant Fugazzi Cars, Inc. (a Florida corporation of which McEntegart is the owner and operator) did not intend to defend this matter, and that he consented to the Court's entry of a default judgment against both Defendants. Rather than granting Plaintiffs' motion for default judgment, which the Court denied without prejudice for consideration at a later stage of the litigation, the Court instead will address at this juncture Plaintiffs' request for a permanent injunction.

1

**I.   Background**

On July 16, 2012, Plaintiffs Bentley Motors Limited Corporation and Bentley Motor, Inc. (collectively referred to herein as "Bentley"), initiated this action against Defendants for "counterfeiting, infringement and dilution of Bentley's trademarks and trade dress rights in the inherently distinctive shape of Bentley vehicles, particularly the Continental GTC vehicle, and for infringement of Bentley's United States Design Patent (D570,738S) in the ornamental design of its vehicles." (Doc. # 43 at 2). "In short, Bentley alleges that Defendants unlawfully manufacture Bentley body kits that transform ordinary and inexpensive Chrysler Sebring and Ford Mustang automobiles into knock-off Bentley vehicles by intentionally misappropriating the overall appearance and shape of the Bentley GTC automobile and Bentley trademarks . . . ." Id.

Bentley's Complaint contains four Counts: (1) trademark dilution under 15 U.S.C. § 1125(c); (2) trademark infringement and counterfeiting under 15 U.S.C. § 1114(1); (3) false advertising, false designation of origin and trade dress infringement under 15 U.S.C. § 1125(a); and (4) design patent infringement under 35 U.S.C. § 271. (Doc. # 1). Among other relief sought, Bentley seeks a permanent injunction against

further infringement.  <u>Id.</u> at 20-21.

On October 9, 2012, this Court entered an Order adopting the report and recommendation of the Honorable Thomas B. McCoun III, United States Magistrate Judge, and granting Bentley's motion for preliminary injunction against all Defendants.  (Doc. # 47).

Although Defendants Robert Fraray and Keeping It Real Auto Customizing, Inc. have responded to Bentley's Complaint, Defendants Matthew McEntegart and Fugazzi Cars, Inc. have failed to do so.  On November 26, 2012, pursuant to Federal Rule of Civil Procedure 55(a), a clerk's entry of default was entered against McEntegart and Fugazzi.  (Doc. # 60).  On December 18, 2012, Bentley filed a motion for default judgment against McEntegart and Fugazzi.  (Doc. # 71).

On December 19, 2012, the Court held a hearing at which McEntegart was ordered to personally appear.  As explained above, McEntegart consented to the Court's entry of a default judgment against both himself and Fugazzi Cars, Inc. However, because Bentley has yet to resolve this action with regard to Defendants Keeping It Real and Fraray, the Court denied without prejudice Bentley's motion for default judgment. Instead, at this juncture the Court will address Bentley's request for a permanent injunction against McEntegart and

3

Fugazzi.

## II. Permanent Injunction

Upon due consideration of the record, and for the reasons discussed at the December 19, 2012, hearing, the Court finds good cause to grant Plaintiffs' requested permanent injunction against Defendants Matthew McEntegart and Fugazzi Cars, Inc.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

That Defendants Matthew McEntegart and Fugazzi Cars, Inc., as well as their principals, employees, agents, and assigns, and all others acting through them, are hereby:

(1) enjoined from manufacturing, advertising, marketing and/or selling car body kits and/or replica cars that use, copy, or misappropriate the following trademarks: BENTLEY®, the Bentley B™, and the B IN WINGS®, and/or the trade dress of any Bentley vehicle;

(2) enjoined from otherwise violating Bentley's trademark and trade dress rights;

(3) ordered to deliver to Bentley's counsel in Tampa, Florida, within 30 days of the date of this Order, all Fugazzi wide body vehicles or replica Bentley vehicles, body kits for the same, molds and body-plugs for these products, and any labels, tags, signs, prints, packages,

      videos, and advertisement and promotional materials for the same in their possession or under their control, and are hereby barred from any use of the same for any purpose absent court permission.  (Pursuant to the Court's Order granting Bentley's motion for preliminary injunction (Doc. # 47), Defendants were previously ordered to collect up and store the relevant items in a secure location.)  If Defendants McEntegart and Fugazzi fail to deliver these items within 30 days of the date of this Order, the Court will consider Plaintiffs' request to arrange for a federal law enforcement officer to seize, impound, and deliver to Bentley the items to be surrendered as set forth above in this paragraph;

(4) ordered to provide to any dealer or distributor or advertiser of the Fugazzi wide body vehicles or replica Bentley vehicles or kits for the same, within 30 days of entry of this Order, a copy of the injunction entered by this Court, along with a written demand that any such dealer or distributor or advertiser cease further promotion of the vehicles or kits for the same and demanding return to Defendant McEntegart any Fugazzi wide body or replica Bentley vehicles and/or kits for the same, along with any promotional materials;

5

(5) ordered to post a complete and unedited copy of this injunction on any website (including, but not limited to, Facebook and other social media sites) where Defendants have previously published, posted, marketed, advertised, and/or commented with respect to Defendants' Fugazzi wide body or replica Bentley vehicles and/or Bentley kits;

(6) ordered to file with this Court and to serve upon Bentley's counsel, within 30 days of entry of this Order, pursuant to 15 U.S.C. § 1116, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with this Order.

At this juncture, the Court declines to order the production of Defendants McEntegart and Fugazzi's books, records, tax returns, and other documents relating to the manufacture or sale of replica Bentley vehicles. If necessary, the Court will address any issues regarding the production of these materials at a later date.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of December, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record